**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ESSEX INSURANCE COMPANY,**

           **Plaintiff,**

**-vs-**                                              **Case No. 6:10-cv-340-Orl-28DAB**

**ANCHOR MARINE ENVIRONMENTAL
SERVICES, INC., TISHMAN-DOLPHIN
REALTY CORPORATION, JACK
STUART NEELY, JR., and LARRY
KNOTTS,**

           **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO EXTEND TIME TO SERVE DEFENDANT KNOTTS , TO EXECUTE ALTERNATE SERVICE BY PUBLICATION AND ISSUE NOTICE OF ACTION BY CLERK (Doc. No. 67)**
>
> **FILED:**     **November 9, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Defendant Larry Knotts be dismissed as a party, without prejudice**.

      As reflected in the motion and the other papers of record, including Plaintiff's Response to the Order to Show Cause why the action should not be dismissed against Defendant Knotts for failure to prosecute (Doc. Nos. 58, 66), the Complaint in this action was filed on March 2, 2010 and, to date, Plaintiff has failed to effect proper service on Larry Knotts. Plaintiff now seeks an additional 60 day

extension in which to effectuate service via publication of a Notice of Action, to be issued by the Clerk. For the following reasons, it is **respectfully recommended** that the motion be **denied and Defendant Larry Knotts be dismissed from this action, without prejudice.**

Rule 4(m), Federal Rules of Civil Procedure, provides that if a defendant is not served within 120 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule also notes that, if a Plaintiff shows good cause for the failure, the court "must extend the time for an appropriate period." Here, there is no question that Knotts has not been served and well over 120 days have passed. At issue, then, is whether Plaintiff has shown sufficient cause to justify the failure to serve and warrant yet more time, and whether circumstances warrant the issuance of a Notice of Action and service by publication. This Court concludes that good cause for the relief sought is not apparent on this record.

### *The claim against Knotts*

This is a declaratory judgment action brought by an insurance company against its insured and several others. According to the Amended Complaint (Doc. No. 31), Knotts was an employee of the insured (Anchor Marine) in 2005, at the time a co-employee (Alan Kringel) was injured. Kringel, through his natural guardian and next friend, sued Anchor Marine, Knotts (alleged to be a "statutory employee"), and others, in a state court action filed in 2007. According to the docket sheet in the state court action, Knotts has not appeared in that suit, and a default has been entered against him. Here, Plaintiff seeks a judgment declaring that it has no obligation to indemnify or defend Knotts (among others) with respect to the claims asserted for personal injuries, and that no coverage is provided by the policy issued to the insured.

### *The failure to timely serve*

Plaintiff filed the instant suit almost five years after the incident described in the state court action, and three years after the filing of the state court action. While it appears from the state court docket sheet that Knotts was served in that action in Florida years ago, Plaintiff acknowledges that it has not been able to locate Knotts for service in this action and, indeed, the Amended Complaint alleges that he is a citizen and resident of Florida only "on information and belief." (Doc. No. 31). As set forth in its papers, Plaintiff alleges that it has made "diligent attempts" to locate Knotts but has only been able to confirm that he is not at his last known address.

The 120 day deadline for service expired on June 30, 2010. Prior to the expiration of the deadline, Plaintiff states that:

> Essex retained a process server who attempted unsuccessfully to serve Mr. Knotts on March 19, 2010. Thereafter, on May 10, 2010, Essex contacted another process server to attempt to locate Mr. Knotts. That process server performed substantial research in an attempt to learn Mr. Knotts' whereabouts but was unable to find an address other than Knotts' last known address. . . . Then, on May 15, 2010, May 22, 2010, and May 26, 2010, a third process server attempted to locate and serve Mr. Knotts, but was unsuccessful.

(Doc. No. 67 at 2).

While these circumstances may have justified an extension of the service deadline had Plaintiff filed a timely motion to do so in June, that is not what happened here. Plaintiff acknowledges that it did not move to extend the time for service at any time prior to the instant motion, due to a failure to calendar the deadline. While a failure to calendar might, itself, be forgiven, the circumstances suggest that Plaintiff not only forgot to calendar the deadline, it forgot all about this defendant. Not only did Plaintiff fail to move for an extension prior to the expiration of the service period, Plaintiff did nothing at all with respect to locating this Defendant for over *four months* following the expiration of the deadline. According to the papers, it was not until November 5, *after* the issuance of the Court's Order to Show Cause, that Plaintiff "had the process server update his research." (Doc. No.

67). The lack of a timely motion coupled with an absence of any effort to locate this defendant in the additional four months, counsels against any further extensions.

### *Florida Law*

Even if the Court were inclined to extend the time for service, the Court is not convinced that an adequate showing for substitute service by publication pursuant to Chapter 49, Florida Statutes has been presented. Under the Federal Rules "an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e). Section 49.011 of the Florida Statutes lists the actions or proceedings in which "[s]ervice of process by publication may be made in any court on any party identified in [section] 49.021." Fla. Stat. § 49.011. Section 49.021 provides that "service of process by publication may be had upon any party, natural or corporate, known or unknown" when personal service of process cannot be had. Fla. Stat. § 49.021.

> Under Florida law:
>
> The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person shall show:
>
> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known ...; and
>
> (3) In addition to the above, that the residence of such person is, either:
> ...
> (c) In the state, but that he or she has been absent from the state for more than 60 days ...or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.

In its motion and supporting affidavits, Plaintiff argues that Knotts has "concealed his whereabouts." (Doc. No. 67 at 4). While the affidavits show that Knotts was not at the address in the public records for several attempts, not being at an old address does not demonstrate a *concealment* of whereabouts. The Affidavit of the process server indicates that he searched Florida databases and the Federal Bureau of Prisons (Doc. No. 67-2), but was unable to locate any other address for Knotts. If the only *Florida* address provided is ineffectual this could just as easily mean that he is no longer a resident of the state. Either way, the only conclusion the Court reaches from review of the affidavits is that Plaintiff cannot locate Knotts and therefore does not know whether he is a resident of the state at all.

In addition to not satisfying the concealment standard, inasmuch as jurisdiction of this matter is based on diversity jurisdiction (Doc. No. 1), the failure of Plaintiff to establish Knotts' citizenship is of no small moment. The inability of Plaintiff to establish that Knotts is, in fact, a citizen of Florida also weighs heavily in favor of denying the motion.

### *Case or Controversy*

The Eleventh Circuit has noted:

> Article III, section two of the Constitution limits the exercise of judicial power to "cases" and "controversies." The declaratory judgment act, in its reference to "'cases of actual controversy' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937). Congress did not broaden the jurisdiction of the federal courts via the declaratory judgment act, but rather provided a new procedural device for handling controversies over which the courts already have jurisdiction. *Id.* at 240, 57 S.Ct. at 463; *First Federal Savings and Loan Ass'n of Lake Worth v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983). Thus, the declaratory judgment action "affects exclusively matters of practice, pleadings and forms and modes of proceedings." Borchard, Declaratory Judgments 231 (2d ed 1941). The Act does not affect requirements for the exercise of federal jurisdiction. *First Federal v. Brown*, 707 F.2d at 1220; *Seibert v.*

> *Baptist*, 594 F.2d 423, 428 (5th Cir.), *rev'd on other grounds*, 599 F.2d 743 (1979). Since the jurisdictional limits under the declaratory judgment act mirror those found in the Constitution, this court does not have subject matter jurisdiction over the issue presented unless the issue is a "case or controversy."
>
> The Supreme Court in *Aetna v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), explained the case or controversy requirement for federal jurisdiction:
>
>> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.
>
> *Id*. at 240-41, 57 S.Ct. at 463-64. (citations omitted). Courts have found the case or controversy requirement lacking when the plaintiff has no interest in the case, when the defendant has no interest in the case, when no conflict exists in the case, when there is no adverse claimant, when there is no conflict in the case because of a defect in the parties and when there is no legal relationship between the parties.

*Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1490-1491 (11th Cir.1988) (holding no case or controversy between two insurers).

Applied here, the Court suspects that the Amended Complaint does not state a cause of action against Knotts. There is no allegation of privity of contract between Knotts and Plaintiff, and there is no indication that Knotts, who has not responded to the state court action against him, has ever made a claim for defense or indemnity under the Policy at issue here.[1] Indeed, the showing here is that Knotts has not contacted Plaintiff at all and Plaintiff does not even know where he is. In short, Essex is trying to foreclose Knotts from prevailing on a claim that he has never brought. While the

---

[1] The Amended Complaint alleges that Anchor Marine has submitted a claim under the Policy, and *Anchor Marine* "asserted that it had been sued by the Kringels in Orange County Circuit Court and that Essex was responsible for defending the action against Anchor Marine and its employees, Neely and Knotts, and for indemnifying Anchor Marine, Neely, and Knots [sic] under the Policy." (Doc. No. 31 at Allegations 44, 45). As the underlying state action seeks to impute Knotts actions to his employer under the doctrine of *respondeat superior*, and there is no showing that Anchor Marine had any standing to make any claim for indemnity or defense on behalf of Knotts in his individual capacity, it is assumed that Anchor Marine asserted this claim on its own behalf, to the extent Knotts, as an employee, was within the definition of an "insured." In the instant action, however, Knotts is sued individually and the action seeks to foreclose a claim Knotts did not assert.

issue of whether or not Anchor Marine is entitled to insurance coverage flowing from Knotts actions as an employee has been joined, Knotts himself makes no claims against Essex either here or in the underlying action. As to Knotts, there does not appear to be a justiciable controversy or, indeed, a genuine and bona fide dispute such as to support an action against him for declaratory relief. While the Court does not make this finding conclusively as Plaintiff has not been given notice or an opportunity to be heard on this issue, the apparent absence of any genuine controversy between Plaintiff and Knotts is an additional reason to deny the motion. Dismissal of Knotts for lack of prosecution is without prejudice to refiling the suit against him, should he suddenly appear and assert any claim.

*Conclusion*

For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied** and Defendant Larry Knotts be **dismissed from this action, without prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy