# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ESSEX INSURANCE COMPANY,**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:10-cv-340-Orl-28DAB**

**ANCHOR MARINE ENVIRONMENTAL
SERVICES, INC., TISHMAN-DOLPHIN
REALTY  CORPORATION, JACK
STUART NEELY, JR., and LARRY
KNOTTS,**

                    **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 68)** |
| **FILED:** | **November 9, 2010** |

        **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

        This is a declaratory action brought by an insurance company seeking a declaration that it is

not liable to defend or indemnify its insured or others, with respect to an underlying personal injury

action.  Although many of the named Defendants have answered the Amended Complaint and are

defending this action, Defendant Jack Stuart Neely, Jr. has not, and the Clerk entered a default against

him.  Plaintiff now moves for entry of a default judgment.  It is **respectfully recommend** that the motion be denied, without prejudice.

Generally, of course, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  The general rule, however, is not without exception. Thus, as here, in cases involving more than one defendant, a judgment of should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed.60 (1872).  Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.

This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint.  In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) (*citing* C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06).  This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.*, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary*

*Services Insurance Ltd. v. O'Donnell*, 2008 WL 2730997, 1 (M.D. Fla.2008) (slip opinion-- declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott,* 2008 WL 4104137 (M.D. Fla. 2008).

Here, this action does not seek to impose liability on any of the Defendants, but the defendants are certainly similarly situated with respect to the relief sought: a declaration with respect to rights and obligations under the insurance policy Plaintiff issued. The possibility of an inconsistent judgment is even more apparent here. Absent any indication that entry of final judgment solely against this defendant is necessary or appropriate at this point, the Court recommends against proceeding in this piecemeal fashion. *See* Rule 54(b), Fed. R. Civ. P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.") It is therefore **respectfully recommended** that the motion for default final judgment be **denied, without prejudice**, pending adjudication of the merits of the case with respect to the co-defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy